IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELISABETH IRENE WELCH,

               Plaintiff,

   v.

ANDREW M. SAUL,
Commissioner of Social Security,

               Defendant.

OPINION AND ORDER

18-cv-1066-bbc

---

Plaintiff Elisabeth Welch is seeking review of a final decision by defendant Commissioner of Social Security, denying her claim for supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). Dkt. #8. (I have amended the caption to reflect that the new Commissioner of Social Security is Andrew M. Saul.) Plaintiff contends that the administrative law judge who decided the case (1) did not account adequately for her limitations in concentration, persistence or pace in his residual functional capacity assessment or in his hypothetical question to the vocational expert; and (2) should have given more weight to the findings of the neuropsychologist who evaluated her in June 2015. For the reasons explained below, I conclude that the administrative law judge did not err in these respects and am affirming his decision.

       The following facts are drawn from the administrative record (AR).

FACTS

A. Social Security Applications and Administrative Proceedings

Plaintiff Elisabeth Welch was 30 years old when she filed for supplemental security benefits on June 4, 2015, contending that she had been disabled since May 15, 2015 because of mild schizophrenia, attention deficit hyperactivity disorder (ADHD) and "pseudo tumor cerebral." AR 19, 110, 118. She has a high school education and some college credits. AR 25, 40. She was in special education classes throughout her schooling. AR 57-58. She last worked in 2009, but none of her positions qualify as past relevant work. AR 43.

On March 2, 2018, administrative law judge Paul Jones held a video hearing at which plaintiff and a vocational expert testified. AR 19. Plaintiff was represented by a non-attorney representative at the hearing. (She has been represented by counsel in this proceeding.) At the hearing, plaintiff testified that she loses track of conversations, takes medication for attention deficit disorder, has anger and mood problems and suffers from bipolar disorder. AR 62-64. She further testified that even though she applied for jobs between 2009 and 2016, no one would hire her. AR 43-44.

In a written decision issued on June 14, 2018, the administrative law judge concluded that plaintiff was severely impaired by depression, anxiety, post traumatic stress disorder, personality disorder, neurodevelopmental disorder, schizophrenia, obstructive sleep apnea, headaches and obesity. AR 21. However, the administrative law judge found that none of plaintiff's impairments met or equaled the criteria for any listed impairment, alone or in combination. AR 21. In reviewing the "B criteria" of the mental impairment listings, the

2

administrative law judge found that plaintiff had moderate limitations in interacting with others and in concentration, persistence or pace. AR 22.

The administrative law judge further determined that plaintiff retained the residual functional capacity to perform light work limited to simple, routine and repetitive work; no public interaction; occasional changes in workplace setting; and occasional coworker interaction. AR 22. (The administrative law judge also assessed some other physical limitations that are not relevant to plaintiff's appeal.) In reaching his decision with respect to plaintiff's mental impairments, the administrative law judge stated that he gave "great weight" to the opinion of the state agency reviewing psychologist, Dr. John Warren. AR 25.

Relying on the testimony of a vocational expert who testified in response to a hypothetical question based on plaintiff's residual functional capacity assessment, the administrative law judge found that plaintiff had no past relevant work but that jobs exist in significant numbers in the national economy that plaintiff could perform, including representative office helper, routing clerk and packer. AR 26.

### B. Relevant Medical Evidence

At issue in this case are plaintiff's mental impairments, particularly her ability to maintain concentration, persistence or pace. Critical to plaintiff's appeal are the reports of Dr. John Warren and Dr. Gregory Prichett. The findings of these experts are summarized below.

1. <u>Dr. John Warren</u>

At the reconsideration level of review on May 16, 2016, state agency psychologist Dr. Warren reviewed the record and noted in the psychiatric review technique assessment that plaintiff had moderate limitations in maintaining social functioning and concentration, persistence or pace.  AR 124-25.  In the mental residual functional capacity assessment, he rated plaintiff's functioning in four categories—understanding and memory, sustained concentration and persistence, social interaction and adaptation—and provided a narrative explanation for each category.  AR 128-30.

With respect to understanding and memory, Dr. Warren noted that plaintiff was "markedly limited" in the ability to understand and remember highly complex or detailed instructions.  In the narrative section, he wrote that plaintiff was able to remember and understand simple instructions but unable to do so for highly complex and detailed instructions.  AR 129.

In the category of sustained concentration and persistence, Dr. Warren found that plaintiff was markedly limited in the specific abilities to carry out detailed instructions and moderately limited in the abilities to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace

4

without an unreasonable number and length of rest periods. In the narrative form for the category of sustained concentration and persistence, he wrote that plaintiff was

> [A]ble to sustain the mental demands associated with carrying out simple tasks over the course of routine workday/workweek within acceptable attention, persistence, pace tolerances. Unable to do so for moderately to highly complex/detailed tasks requiring sustained concentration.

AR 129.

Dr. Warren rated plaintiff's social interactions as markedly limited in the ability to interact appropriately with the general public and moderately limited in the abilities to accept instructions and respond appropriately to criticism from supervisors, get along with coworkers and maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. With respect to adaptation, he found plaintiff moderately limited in the ability to respond appropriately to changes in the work setting. AR 130.

2. Dr. Gregory Prichett

On June 29, 2015, Dr. Prichett administered neuropsychological testing to plaintiff and completed an assessment. AR 613-20. He found that plaintiff's performance was "indicative of a borderline to, at most, mildly abnormal neurocognitive profile" with an estimated full-scale intelligence quotient of 77. AR 616. Dr. Prichett did not assess any functional limitations for plaintiff but he noted that her responses on the personality assessment inventory suggested that "she is likely to be withdrawn and isolated" and "[h]er thought processes are likely marked by confusion, distractibility, and difficulty

5

concentrating." AR 617-18. He also wrote that "[t]he configuration of clinical scales suggests a person with significant thinking and concentration problems." AR 618.

In a February 3, 2016 progress note, Dr. Prichett observed that plaintiff was "generally pleasant and cooperative" but "somewhat robot-like" with "monotone voice, facial masking, and somewhat fixed stare." AR 705. Although there were "some gaps in her recall of details and time lines," her speech was "reasonably logical and coherent" and she "was not agitated, nor did she show any lability of mood or affect." Id. Dr. Prichett noted that she "remained attentive" and her insight "appeared to be reasonably good." Id. He concluded that plaintiff was "for the most part stable from a neuropsychological standpoint to improved" and that her "[m]ood and emotion seem to be under reasonably good control," although she was a bit anxious about some of her medical treatments. AR 706.

OPINION

Plaintiff's primary argument is that the administrative law judge's residual functional capacity assessment and hypothetical question to the vocational expert did not account adequately for his finding that plaintiff had moderate limitations in concentration, persistence or pace or for Dr. Warren's assessment of moderate and marked limitations in this area. Plaintiff also argues that the administrative law judge ignored Dr. Prichett's findings suggesting that she has significant cognitive and social limitations. (Although plaintiff argues in her reply brief that Dr. Warren did not have Dr. Prichett's in-depth testing available when he completed his assessment in May 2015, she is incorrect. Dr. Warren completed his

6

assessment in May 2016, almost a year after Dr. Prichett issued his report in June 2015.) I will address plaintiff's two arguments separately.

### A. Concentration, Persistence or Pace Limitations

As plaintiff points out, the Court of Appeals for the Seventh Circuit has made clear that an administrative law judge must orient the vocational expert to all of a claimant's limitations, including those in concentration, persistence or pace. O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010) ("[T]he ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do."). Although the administrative law judge does not need to use the magic words "concentration, persistence or pace," the record must show that the vocational expert was aware of the claimant's particular limitations. Yurt v. Colvin, 758 F.3d 850, 857-58 (7th Cir. 2014). The court of appeals has held that an administrative law judge must explicitly address the limitations in the hypothetical unless one of three exceptions applies: (1) the vocational expert was independently familiar with the claimant's medical file; (2) the hypothetical adequately apprised the vocational expert of the claimant's underlying mental conditions; or (3) the hypothetical otherwise accounted for the limitations using different terminology. Lanigan v. Berryhill, 865 F.3d 558, 565 (7th Cir. 2017).

As to the first two exceptions, although the vocational expert was present at the hearing, there is no evidence in the record suggesting that she was informed of the full scope of plaintiff's mental impairments and concentration, persistence or pace limitations. Plaintiff argues that the Commissioner may not rely on the third exception because the administrative law judge's use of the terms "simple, routine, repetitive work" and "occasional changes in the work setting" fails to account for plaintiff's specific limitations in concentration, persistence or pace. Plaintiff is correct that the court of appeals has held that the types of limitations the administrative law judge included in his residual functional capacity assessment and the hypothetical question are general functional limitations related to unskilled work that do not address a claimant's general deficiencies in concentration, persistence or pace. O'Connor-Spinner, 627 F.3d at 620. See also Stewart v. Astrue, 561 F.3d 679, 685 (7th Cir. 2009) (use of term, simple, routine tasks, did not account for limited ability to understand instructions); Young v. Barnhart, 362 F.3d 995, 1004 (7th Cir. 2004) ("simple, routine" tasks did not adequately account for "impairment in concentration"); Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008) ("simple, unskilled work" does not account for difficulty with memory, concentration or mood swings).

However, the administrative law judge did not merely assume that limiting plaintiff to simple, routine and repetitive work or only occasional changes in the work setting would account for her limitations in concentration, attention, persistence or pace. Rather, he relied on the expert opinion of Dr. Warren, who reviewed plaintiff's medical record and concluded in the narrative sections of the mental residual functional capacity assessment that plaintiff

8

was capable of understanding, remembering and carrying out simple instructions and sustaining the mental demands of simple tasks over the course of a routine workday within acceptable attention, persistence and pace tolerances.

As the Commissioner points out, the Court of Appeals for the Seventh Circuit has held in both published and unpublished opinions that an administrative law judge is entitled to rely on a medical expert who "effectively translate[s] an opinion regarding the claimant's mental limitations into an RFC assessment." Milliken v. Astrue, 397 Fed. Appx. 218, 221 (7th Cir. 2010). See also Varga v. Colvin, 794 F.3d 809, 816 (7th Cir. 2015) ("[A]n ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations."); Capman v. Colvin, 617 Fed. Appx. 575, 579 (7th Cir. 2015) (administrative law judge may reasonably rely on psychologist's "bottom line-assessment" in narrative section of residual functional capacity assessment); Johansen v. Barnhart, 314 F.3d 283, (7th Cir. 2002) (in formulating hypothetical for vocational expert, administrative law judge reasonably relied on physician opinion that plaintiff could perform low-stress, repetitive work); Wade v. Colvin, No. 12–8260, 2014 WL 349261, at *12 (N.D. Ill. Jan. 31, 2014) ("[A]s many other courts have found, the ALJ need only look to Section III for the RFC assessment as directed by the POMS.") (citing cases from other circuits). "But even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms such as the PRT and MRFC forms." DeCamp v. Berryhill, 916 F.3d 671, 676 (7th Cir. 2019).

9

Plaintiff contends that Dr. Warren's narratives did not include the specific moderate limitations that he found with respect to her abilities to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Varga, 794 F.3d at 816 (narrative must adequately encapsulate and translate worksheet observations); Capman, 617 Fed. Appx. at 578-79 (narrative must be consistent with checklist findings in other section of worksheet). However, plaintiff's argument is not convincing. Dr. Warren noted all of the above moderate limitations in the "sustained concentration and persistence" category of his mental residual functional capacity assessment, which includes limitations related to attention and pace, for which he also completed a narrative statement stating that plaintiff was capable of performing simple tasks within acceptable attention, persistence and pace tolerances. Therefore, the administrative law judge could reasonably assume that Dr. Warren's narrative statements accounted for all of plaintiff's limitations in attention, concentration, persistence and pace and rely on them in formulating the residual functional capacity assessment and hypothetical question to the vocational expert. Wolf v. Colvin, 214 F. Supp. 3d 736, 742 (W.D. Wis. 2016) (finding same).

B.  Dr. Prichett's Findings

Plaintiff argues that the administrative law judge ignored the findings of Dr. Prichett, who performed testing on plaintiff in June 2015. After devoting six pages of her brief to reprinting Dr. Prichett's report, plaintiff simply asserts that "[t]hese findings reflect an individual with some significant cognitive and social limitations which are simply not reflected in the hypothetical question or residual functional capacity determination." It is not clear what plaintiff believes the administrative law judge ignored that would have made a difference in the residual functional capacity assessment or hypothetical question. Crespo v. Colvin, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (internal citation omitted). For example, she does not identify any additional functional limitations that the administrative law judge should have included, even though it was her burden to do so. 20 C.F.R. § 416.912(c)(vers. eff. Apr. 20, 2015 to Mar. 26, 2017); Castile v. Astrue, 617 F.3d 923, 927 (7th Cir. 2010). In fact, as the commissioner points out, Dr. Prichett did not assess any specific functional limitations for plaintiff, apart from speculating about possible symptoms she is likely to experience. AR 613-20. Harless v. Astrue, 2011 WL 4036104, at *6 (N.D. Ind. Sept. 12, 2011) (noting that even if personality assessment inventory results "may suggest" likely symptoms, they do "little to evidence" necessary work restrictions).

In any event, the administrative law judge considered Dr. Prichett's reports and mentioned them in his opinion. He accurately noted Dr. Prichett's June 2015 findings that plaintiff has an IQ of 77, signs of slow learning and signs of bipolar disorder, and February 2016 findings that plaintiff was "stable-improved" with controlled mood and emotions. AR

23. To the extent that plaintiff is arguing that the administrative law judge should have included a more detailed discussion of all of the Dr. Prichett's findings, any mistake that the administrative law judge may have made in that regard is not reversible error. Craft, 539 F.3d at 673 (administrative law judge is not required to mention every piece of evidence but must provide accurate and logical bridge between evidence and conclusions). In this case, the administrative law judge did not ignore or misconstrue Dr. Prichett's reports, and plaintiff fails to articulate what, if any, additional restrictions were supported by the record. Accordingly, plaintiff has failed to show that the administrative law judge erred by failing to consider Dr. Prichett's findings in crafting the residual functional capacity assessment or hypothetical question.

ORDER

IT IS ORDERED that plaintiff Elisabeth Welch's motion for summary judgment, dkt. #8, is DENIED. The final decision of defendant Andrew Saul, Commissioner of Social Security, denying plaintiff benefits, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 2nd day of January, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge